COMMONWEALTH *vs.* JOHN TAYLOR.

On the trial of an indictment on *St.* 1855, *c.* 405, § 1, for a nuisance by keeping a builⁿ ing used for the illegal sale of intoxicating liquors, evidence of sales of beer there, which all the witnesses testified was not in their opinion intoxicating, and that persons had been seen to go in and out of the building in a state of intoxication, is sufficient to be submitted to the jury.

Playing any game of hazard, to determine who shall pay for liquor, is gaming; and evidence of such gaming in a building will support an indictment under *St.* 1855, *c.* 405, § 1, for a nuisance by keeping a building resorted to for illegal gaming.

INDICTMENT on *St.* 1855, *c.* 405, § 1. The indictment averred that the defendant, on the 1st of January 1858 and from thence continually to the 2d Monday of August 1858, at Uxbridge, " did keep and maintain a certain building, to wit, a tenement in

a block of buildings called Long Block, in the centre village of said Uxbridge, being the east tenement in said block, and consisting of the basement under the east end of said block and the rooms over said basement, used as a house of ill fame, resorted to for prostitution, lewdness and for illegal gaming, and used for the illegal sale and keeping of intoxicating liquors; said building so used as aforesaid being then and there a common nuisance," &c. Trial in the court of common pleas in Worcester at January term 1859 before *Morris*, J., who signed a bill of exceptions, the material part of which was as follows :

" At the trial the government introduced testimony as to the sale of certain beer. All the witnesses testified that in their opinion it was not intoxicating.

" The government also introduced evidence for the purpose of showing that the place was resorted to for the purpose of illegal gaming. And two or three witnesses testified that they had played cards there and hustled cents, and had seen others do the same, for the purpose of determining which should pay for the beer they were to drink; that they had never seen any other gaming there, and that they did not resort there for the purpose of gaming, but to get beer. The government also introduced evidence tending to show that persons had been seen to go in and out of the place in question in a state of intoxication.

" The defendant asked the court to instruct the jury that there was no evidence of an illegal sale or keeping of intoxicating liquor. But that question was submitted to the jury under the direction of the court.

" The defendant also asked the court to instruct the jury that the government must prove that the tenement described in the indictment was resorted to for the purpose of illegal gaming, to sustain that allegation in the indictment; and that the playing of cards or hustling of cents, for the purpose of determining who should pay for the beer, would not be illegal gaming; and contended that, upon the testimony, there was no evidence that the place was resorted to for the purpose of illegal gaming. The court instructed the jury that they must find that the place was resorted to for the purpose of illegal gaming, but it was not

necessary that it should be the principal purpose; that playing at cards or hustling cents, for the purpose of determining which of two persons should pay for the beer which they were to drink, would be illegal gaming.

"The jury found a verdict of guilty; and the defendant moved in arrest of judgment, because there was no sufficient description in the indictment of the premises complained of, and because the indictment charged the keeping and maintaining of a building, and described only a part of a building or tenement, and was therefore bad for uncertainty. This motion was overruled, and the defendant alleged exceptions."

*G. F. Verry*, for the defendant, to the point that there was no evidence to support the indictment, and that the refusal so to instruct the jury was ground of exception, cited *Commonwealth v. Packard*, 5 Gray, 101; and to the point that the indictment was bad for repugnancy, *Commonwealth* v. *McCaughey*, 9 Gray, .

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

SHAW, C. J. Indictment for keeping and maintaining a tenement in the town of Uxbridge, used as a house of ill fame, resorted to for illegal gaming, and used for the illegal sale and keeping of intoxicating liquors, being then and there a common nuisance.

It appears by the exceptions that the defendant requested the judge to instruct the jury that there was no evidence that the beer sold by the defendant in his tenement was intoxicating; but that the court declined so to do, and left the question to the jury. Perhaps, when there is no competent evidence to support the issue by the party holding the affirmative, it is competent for the court so to instruct the jury. But when there is competent and appropriate evidence, it must be submitted to the jury with proper directions, and they are to decide on its weight. Here, though, as stated, the evidence seems not to have been strong, there was evidence bearing upon the issue, which was for keeping and maintaining, for a long time, a common nuisance, by gaming and the sale of intoxicating liquors. It was kept for a long time for the sale of beer, which might

or might not be intoxicating. The opinion of those who were called as witnesses was not conclusive ; and persons were seen, whether rarely or frequently does not appear, going out and in in a state of intoxication. The evidence having been left to the jury with proper instructions, we think that this exception cannot be sustained.

We think also the direction was right in respect to the place being resorted to for the purpose of gaming.

On the other point, we think the direction of the judge was right. All gaming is unlawful by the law of this commonwealth ; and it is gaming to play any game of hazard, for money or other article of value. A game of hazard, to determine who shall pay for the beer or other liquor to be drank, is strictly playing for money; it is to determine which party shall pay a sum of money for the other.

It was properly left to the jury to say whether persons resorted to the defendant's house for the purpose of gaming. In general it is a fair conclusion to hold that persons intend to do that which they habitually do ; and if one of the purposes of persons resorting to the defendant's house was gaming, and that necessarily unlawful gaming, and that habitually allowed by the defendant as keeper of the house, it brought him within the statute.

The indictment sufficiently charges the defendant with keeping a tenement as a nuisance. *Exceptions overruled.*